AMVERNETTE M. CROMBIE, Appellant, *v.* ILLINOIS SURETY COMPANY, Respondent.

First Department, February 21, 1918.

Trial — erroneous direction of verdict upon the merits for defendant — evidence — admissions — admissibility against defendant of copy of judgment roll in prior action — action upon agreement for discharge of all collateral — evidence as to position and duties of representative of defendant who executed said agreement.

A direction of a verdict in favor of the defendant upon the merits is erroneous where there is no evidence to establish such right of the defendant.

An answer produced from the judgment roll in a prior action against a defendant corporation is admissible as an admission against it and the officer who verified the same, although it is a copy.

In an action against a surety company under an agreement for the discharge of collateral deposited as security for a bond, it is error to refuse to allow the plaintiff to show that the person who executed the agreement for the defendant had a desk in its office, what names were on the door of the room and what duties said person performed.

APPEAL by the plaintiff, Amvernette M. Crombie, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of June, 1917, upon the verdict of a jury rendered by direction of the court dismissing the complaint upon the merits, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Gormly J. Sproull* of counsel [*John McG. Goodale* with him on the brief; *Sproull, Harmer & Sproull,* attorneys], for the appellant.

*Abram J. Rose* of counsel [*Alfred C. Petté* with him on the brief; *Kellogg & Rose,* attorneys], for the respondent.

PAGE, J.:

The action was brought to recover the sum of $7,000 under an alleged written agreement.

Upon the trial the learned justice on the objection of the defendant's attorneys excluded nearly all of the evidence that the plaintiff offered, most of which was erroneously excluded, and at the close of the plaintiff's case the attorney for the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to prove any cause of action, and on the court's suggestion rested and moved for a direction of a verdict. The court thereupon directed a verdict in favor of the defendant. Of course, such direction is entirely erroneous, as there was no evidence whatsoever to show that the defendant was entitled to a verdict upon the merits; at most the complaint should have been dismissed for lack of proof. The facts, so far as they can be gleaned from the pleadings and documents that were offered in evidence and excluded but were marked for identification and, therefore, in the record, appear to be as follows: that one Scott was indicted for grand larceny and the defendant gave a bail bond in the penal sum of $15,000 for his appearance for trial. As collateral security for this bond there was deposited with the defendant $4,000 in cash, a deed from Mrs. Scott to her husband, a bond from Scott to the plaintiff and mortgage from Scott and wife to plaintiff in the sum of $3,000. It does not clearly appear whether this collateral was deposited by the plaintiff or by the Scotts. A portion of a judgment roll in an action by Mrs. Scott against the defendant was offered in evidence and excluded. In the answer in that case the defendant averred that the plaintiff herein claims the ownership and right to possession of the bond and mortgage and that she was a necessary party defendant. This was offered as an admission against the defendant and excluded on the ground that although the answer was produced from the judgment roll it was a copy, and that it would not be binding as against the defendant but only as against the officer of the defendant who verified the same. Both of these grounds were erroneous. The alleged agreement on which the suit was brought was excluded on the ground that Kunzman's authority had not been proved. There had been put in

evidence the power of attorney on behalf of the defendant to Kunzman, authorizing him to sign, seal, acknowledge and deliver in its name, place and stead, as surety, bonds, undertakings or writings obligatory in the nature thereof to bind the company as fully and to the same extent as if said bonds, undertakings or writings obligatory in the nature thereof were executed by the executive officers of the company at its home office in the city of Chicago, and the document upon which the action was founded is written upon a letterhead of the company which expressly states that Kunzman is assistant manager, and furthermore, Mackey, the manager, testified that Kunzman was his assistant; that he had power to sign bonds, countersign checks and other things in attending to the conduct of the business, write bonds and take collateral security. The court, however, sustained the objection as to what Kunzman did in regard to cancellation of bonds and discharge of collateral.

The trial justice also refused to allow the plaintiff to show that Kunzman had a desk in the office of the company, what names were on the door of the room in which Kunzman had a desk, or to prove further than as above stated, what duties Kunzman performed, all of which was error.

The counsel for the defendant, although having kept out all of this evidence by his objections, does not attempt to defend the propriety of the exclusion of the testimony, but claims that as the plaintiff could not have succeeded had he put in his *prima facie* case, the exclusion of the evidence was not prejudicial error.

We could have judged better of the correctness of his present position had the plaintiff been allowed to prove a *prima facie* case.

The judgment must be reversed, with costs to the appellant, and a new trial ordered.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment reversed, with costs, and new trial ordered.